1   ROGER M. MANSUKHANI (SBN: 164463)
    rmansukhani@gordonrees.com
2   TODD R. KINNEAR (SBN: 208831)
    tkinnear@gordonrees.com
3   GARY D. LEASURE (SBN: 211160)
    gleasure@gordonrees.com
4   **GORDON & REES LLP**
    633 West Fifth Street, 52nd Floor
5   Los Angeles, CA 90071
    Phone: (213) 576-5000
6   Fax: (213) 680-4470

7   Attorneys for Defendant
    M. CARATAN, INC. DBA COLUMBINE VINEYARDS
8

9                    **UNITED STATES DISTRICT COURT**

10             **FOR THE EASTERN DISTRICT OF CALIFORNIA**

11  JANET BOWEN, an individual,           )  CASE NO. 1:14-CV-00397-LJO-LJT
                                          )
12                    Plaintiff,          )  **ORDER GRANTING STIPULATED**
                                          )  **PROTECVE ORDER  AS**
13         vs.                            )  **MODIFIED BY THE COURT**
                                          )
14  M. CARATAN, INC. DBA                  )  (Doc. 13)
    COLUMBINE VINEYARDS; DOES 1 through 10, )
15                                        )
                      Defendant.          )
16                                        )
                                          )
17                                        )
                                          )
18  ─────────────────────────────────────

19         **IT IS HEREBY STIPULATED** by and between Plaintiff JANET BOWEN ("Plaintiff")

20  and Defendant M. CARATAN, INC. DBA COLUMBINE VINEYARDS ("Defendant") through

21  their respective attorneys of record, as follows:

22         **WHEREAS,** the parties expect that discovery in this action will encompass confidential

23  and proprietary documents and trade secrets of one or more parties, including, without limitation,

24  financial data such as sales data, revenues, costs, pricing structure, customer information,

25  purchasing information, tax returns, business strategies, and potentially other non-public

26  information, such as personal income, credit and other confidential information of the parties or

27  their witnesses.

28         **THEREFORE**, it is hereby stipulated, and the parties hereby request, that the Court

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

enter a protective order as follows:

I.   **SCOPE**

A.   This Protective Order shall limit the use and/or disclosure of documents, and related information which are, or which embody or disclose any information, designated hereunder as "CONFIDENTIAL" and shall apply to all such documents so designated in accordance with this Protective Order and all information contained therein

B.   Any person (i.e., any individual or entity) designating documents, testimony, or other information as "CONFIDENTIAL" hereunder asserts that he, she, or it believes in good faith that such material is his, her, or its Confidential Information which is not otherwise available to the public generally, or is Confidential Information which the person believes is or may be encompassed by a pre-existing confidentiality agreement with any other person.

C.   "Confidential Information" is defined as documents, material, or testimony that is private or constitutes and/or relates to (a) trade secrets; (b) business strategies, decisions, and/or negotiations; (c) financial, budgeting, and/or accounting information; (d) customer information, including prospective customers; and (e) marketing studies, pro-formas, projections, and similar information relating to the value and/or potential value of stock, science and technology, and/or other assets or liabilities.

D.   Nothing in this Order and no party's designation of any document or information as "CONFIDENTIAL" shall be construed to constrain, preclude, or otherwise affect in any manner the independent research and development, marketing, product development, or other technical activities of the parties.

E.   Nothing in this Order, and no party's designation of any document as "CONFIDENTIAL" shall be construed to constrain, preclude, or otherwise affect the use (including the ability to include the document or information in papers not

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

filed under seal) of another party's documents which are duplicates of such designated documents provided that such duplicate documents were lawfully obtained by such party through means independent of the discovery process.

F.     A party's failure to designate a document as its Confidential Information where the document was produced by another party and designated by the producing party as that party's Confidential Information shall not be construed to waive the non-designating party's claim, with respect to present and future litigation between these or other parties, that the document contains the non-designating party's Confidential Information.

## II.     DESIGNATION OF DOCUMENTS AS "CONFIDENTIAL"

A.     Designation of a document as "CONFIDENTIAL" by the producing party shall be made by conspicuously stamping or writing "CONFIDENTIAL" on each page thereof.

B.     Any party may designate documents as containing Confidential Information even if not initially marked as "CONFIDENTIAL in accordance with the terms of this Protective Order by so advising counsel for each party in writing within twenty-one (21) calendar days of the receipt of the document which he, she, or it wishes to designate as Confidential Information.  Thereafter each such document shall be treated in accordance with the terms of this Protective Order.  Any person served with written notice of any such designation of previously produced documents or deposition transcripts as containing Confidential Information shall thereafter treat such information as if it had been designated as "CONFIDENTIAL at the time he, she, or it first received it in connection with this action and shall mark all copies of such documents in his, her, or its possession accordingly.

## III.     LIMITATIONS ON DISCLOSURE OF CONFIDENTIAL INFORMATION

A.     No Confidential Information shall be disclosed by anyone receiving such information to anyone other than those persons designated herein, and in no event

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

shall Confidential Information be used, either directly or indirectly, by anyone receiving such information for any business, commercial or competitive purpose or for any purpose whatsoever other than the preparation for, or at trial of this action in accordance with the provisions of this Protective Order.

B.    Confidential Information designated "CONFIDENTIAL" shall not be disclosed by any person who has received such information through discovery in this action to any other person except to:

1.    Retained counsel for any party to this action and their respective associates, clerks and employees involved in the conduct of this litigation, but not including in-house counsel to either party, defined as counsel regularly employed or paid by, or associated with, a party, and/or whose offices are located within any premises of a party;

2.    The parties hereto, and their present officers, directors and employees;

3.    Outside experts and consultants retained by a party for the purpose of preparing or assisting in this litigation, and their respective clerks and employees involved in assisting them in this litigation, to the extent deemed necessary by counsel;

4.    Any person who actually was involved in the preparation of the document or who appears on the face of the document as the author, addressee, or other recipient or currently is affiliated with the party that produced or appears to have prepared said document;

5.    Court reporters and similar personnel, provided further that Confidential Information ordered by the Court to be filed under sealed according to the procedures set forth in Local Rule 141 and filed with the Clerk of the Court shall be sealed subject to release only by order of the Court or agreement of counsel;

6.    Deponents with respect to whom the attorney for the examining party

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

-4-

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

believes in good faith that disclosure of Confidential Information should be made in order to conduct relevant examination of such deponent on topics about which the attorney in good faith believes the deponent may have relevant information.  In the case of a deponent who was not an author or recipient of the Confidential Information, and who has not previously agreed to be bound by the terms of this Order, the attorney conducting the examination shall limit disclosure of confidential information by any means practicable (i.e., redaction or severance of non-relevant portions) to only that which is in good faith required to conduct a meaningful examination of the witness, and shall show all counsel a copy of said redacted document before showing it to the witness.  Any violation of this provision, or objection by counsel to showing the document to the witness, shall entitle the objecting party to suspend the deposition as to the Confidential Information at issue and any lines of questioning relating to the Confidential Information at issue, and to apply to the Court for a further Protective Order or other appropriate relief; and

7. Any other person, either with the prior written consent of the party who has designated such information as confidential or pursuant to a Court order.

8. The jury, judge and court personnel at time of trial.

C. Before any person described in paragraphs 3(b)(iii), 3(b)(vii), 3(c)(ii) or 3(c)(vi) receives or is shown any document or information which has been designated as confidential, such person shall be given a copy of this Protective Order and shall agree in writing, in the form of the "Agreement to be Bound By Terms Of The Protective Order" attached hereto as Exhibit A, to be bound by the terms hereof. The original of each such Acknowledgment and Agreement shall be maintained by counsel, and transmitted by facsimile to all other counsel of record.  If any

counsel objects to showing the signatory documents subject to this Order, the objecting party shall give facsimile notice of its objections and the grounds therefore and shall have five business days to file and serve a motion for protective order.  If no objection is raised or no motion for protective order is filed and served within five days thereafter, all objections to showing the signatory documents shall be waived and the signatory may be shown the documents subject to this Order.  If the person does not so agree, the person may not be shown the document until after a motion for protective order is brought and an order obtained preventing the person from misusing any information in the document.

D.    Nothing in this Protective Order shall be construed to require execution of the written Acknowledgement and Agreement referred to in paragraph 3(d) above, or to prevent disclosure of Confidential Information, by the party producing and designating such Confidential Information, or by any employee of such party.

E.    Nothing in this Protective Order shall prevent counsel for either party from summarizing or discussing in general terms the nature of documents designated as "CONFIDENTIAL" with representatives of their respective clients, outside experts and consultants, deponents or potential witnesses, provided such summary or discussion does not disclose, in any way, the substance of the document so designated, the Confidential Information contained therein, and/or trade secret information of another party.

## IV.    FILE UNDER SEAL

All Confidential Information filed with the Court and any pleading or other paper containing Confidential Information shall be filed under seal and marked:

"CONFIDENTIAL INFORMATION.  This envelope contains documents that are subject to a Protective Order of this Court and shall not be opened or unsealed by anyone except the Court or its

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

-6-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

~~staff, without the prior written consent of counsel for the parties~~

~~hereto or pursuant to order of this Court.  If the contents of this~~

~~envelope are so unsealed, they shall thereafter be resealed."~~

~~The envelope shall not be opened without further order of the Court.~~

~~Nothing shall be filed under seal, and the court shall not be required to take any action,~~

~~without a separate prior order by the Judge before whom the hearing or proceeding will take~~

~~place, after application by the affected party with appropriate notice to opposing counsel.~~

Documents may be filed under seal only after obtaining an order allowing it and only

according to the procedures set forth in Local Rule 141.

## V.     CHALLENGE TO CONFIDENTIALITY DESIGNATION

Any party who disagrees with the designation by a party of a document or other

information as "CONFIDENTIAL" may bring a motion before the Court requesting that the

Court find that the document or other information is, in fact, not confidential.  Prior to bringing

such motion, a party who objects to any other party's designation of documents or other

information as "CONFIDENTIAL" shall notify the other party in writing of the objection.  The

interested parties or other persons shall attempt to resolve such disagreements before submitting

them to the Court.  Pending resolution of any dispute concerning such designation, all parties and

persons governed by this Protective Order shall treat as "CONFIDENTIAL all documents and

information previously designated as "CONFIDENTIAL" under the terms of this Protective

Order.  If a motion challenging the confidentiality designation is brought, the party or person

asserting that a document or other information is properly designated as "CONFIDENTIAL"

shall bear the burden of proving that the document or other information is Confidential

Information.

## VI.    SURVIVAL OF ORDER - RETURN OF DOCUMENTS

A.     The provisions of this Order shall continue in effect until otherwise ordered by the

Court after notice and an opportunity to be heard is afforded to the parties to this

action.  The final determination or settlement of this action shall not relieve any

-7-

person who has received Confidential Information or agreed to be bound by the terms of this Protective Order of his, her, or its obligations hereunder.  This Court shall retain jurisdiction after such final determination or settlement to enforce the provisions of this Order.  Upon completion of the litigation, all documents (including copies of documents) containing Confidential Information shall be destroyed or returned to counsel for the producing party.  Counsel receiving the document s may not keep a copy of the documents after completion of the litigation.  Within sixty days of the conclusion of this litigation, the attorneys for the receiving party shall notify the attorneys for the producing party that such return or destruction occurred.

B.     Except as provided in Sections IV or VII hereof, documents or things containing the other party's Confidential Information shall at all times be in the physical possession of those persons qualifying under Section III. B. herein, or kept by counsel of record either at the premises regularly maintained by such counsel of record as and for their respective law offices, or otherwise in their sole custody or control.

## VII.   USE OF OWN DOCUMENTS BY PRODUCING PARTY

Nothing in this Protective Order shall limit the use by any party or other person of his, her or its own document(s) or information, or any other documents or information obtained independently of discovery, even if such document(s) or information have been designated as "CONFIDENTIAL".

## VIII.   APPLICATIONS TO COURT

A.     This Protective Order shall not preclude or limit any party's right to oppose or object to discovery on any ground which otherwise would be available.  This Protective Order shall not preclude or limit any party's right to seek "in-camera" review or to seek further and additional protection against or limitation upon production or dissemination of information produced in response to discovery,

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

including documents and their contents.

B. Any person to or by whom disclosure or inspection is made in violation of this Protective Order, and who has knowledge of this Protective Order, shall be bound by the terms hereof.

C. The parties hereby, and all other persons who receive Confidential Information pursuant hereto, agree that any party or other person injured by a violation of this Order does not have an adequate remedy at law and that an injunction against such violation is an appropriate remedy. In the event any person shall violate or threaten to violate any terms of this Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person. In the event the aggrieved party shall do so, the respondent person subject to the provisions of this Order shall not employ as a defense thereto the claim that the aggrieved party has an adequate remedy at law. Any persons subject to the terms of this Order agree that this Court shall retain jurisdiction over it and them for the purposes of enforcing this Order. The remedies set forth in this Section 8(c) are not exclusive to any other remedies that an aggrieved party may elect to pursue.

## IX. **NO ADMISSIONS**

Neither entering into this Stipulation for Protective Order nor receiving any documents or other information designated as "CONFIDENTIAL shall be construed as an agreement or admission (1) that any document or information designated as "CONFIDENTIAL" is in fact Confidential Information; (2) as to the correctness or truth of any allegation made or position taken relative to any matter designated as "CONFIDENTIAL"; or, (3) as to the authenticity, competency, relevancy, or materiality of any information or document designated as "CONFIDENTIAL". This Order is not intended to modify or waive the provisions of California's Rules of Civil Procedure or Rules of Evidence, or the Federal Rules of Civil Procedure or Rules of Evidence. This Order does not require the production of documents or information that would otherwise be non-discoverable.

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

## X.   SUBPOENA BY OTHER COURTS OR AGENCIES

If another court or an administrative agency subpoenas or orders production of "CONFIDENTIAL" documents which a party has obtained under the terms of this Order, before complying with such subpoenas or orders, such party shall promptly notify the party or other person who designated the documents of the pendency of such subpoena or order.

## XI.   MODIFICATION - FURTHER AGREEMENTS

Nothing contained herein shall preclude any party from seeking from the Court modification of this Order upon proper notice or preclude the parties from entering into other written agreements designed to protect Confidential Information.

Further, the Court may modify the protective order in the interests of justice or for public policy reasons.

## XII.   COUNTERPARTS

This Stipulation for Protective Order may be executed in counterparts, each of which shall be deemed an original and which together shall constitute one instrument.

The undersigned hereby consent to the form, substance of this agreement and consent to entry of this agreement as an order.


Dated:  May __, 2015                    GORDON & REES LLP


                                        By: _____
                                            Roger M. Mansukhani
                                            Todd R. Kinnear
                                            Gary D. Leasure
                                            Attorneys for Defendant
                                            M. CARATAN, INC. dba
                                            COLUMBINE VINEYARDS



Dated:  May __, 2015                    Randy Rumph, Attorney at Law

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1

By:   _____
      Randy Rumph, Attorney for Plaintiff,
      Janet Bowen

2

3

**ORDER**

4

The stipulated protective order, as modified by the Court, is **GRANTED**.

5

6

IT IS SO ORDERED.

7

Dated:   **May 20, 2015**            _____ **/s/ Jennifer L. Thurston**

8

UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

CASE NO. 1:14-CV-00397-LJO-LJT
STIPULATED PROTECTIVE ORDER